All right we are all ready for our third case of this morning which is Rose against Board of Election Commissioners for the City of Chicago. Mr. Usharovich. Good morning Your Honors. Thank you very much for the opportunity to come and present oral arguments. Be sure to speak up since we need a microphone. Yes, of course. I'm just getting my notes ready. This case stems from ballot access and candidate otherwise eligibility and the meaning and the right to cast a meaningful vote. It does but it really actually preliminarily asks us to consider whether this has already been adjudicated by the state courts and the doctrine that the district court relied on was the doctrine of claim preclusion not issue preclusion. The idea being that this set of events has been evaluated by the Illinois courts. They've come to a final judgment and not only anything that was raised but anything that could have been raised has been concluded. So I think that's where you really need to start. And if you could in a follow-up to Chief Judge Wood's question. I am wondering in what sense he was the circuit court decision because he could have sought expedited appeal. The question here is does res judicata, the issues of preclusion that something has heard before, apply in this matter? Claim preclusion version is what we're discussing. And the problem here is in order for claim preclusion to apply I a final judgment on the merits. But and there clearly was in the state court. The state court resolved the merits of the claim before it. An appeal could have been taken. Not that that really matters. Finality exists once the court of first instance is finished with the case and the circuit court certainly was. Yes but I know there there is a doctrine where if the case is the final judgment occurs usually within 30 days once the right to appeal is expired. No it's final. I think you're confusing an issue preclusion doctrine. In some jurisdictions one of the factors that the courts will look at to see if it's equitable to apply issue preclusion is whether there was an opportunity to appeal. That's a an issue preclusion issue. And here as Judge Roper's question implies there was plenty of opportunity to appeal. All you had to do was file People all the time file a notice of appeal the day after a judgment comes down. Illinois itself especially in this kind of time sensitive kind of case allows that. Well the issue with filing an appeal is in Illinois once the election is passed the case is considered moot. It wasn't passed at the time the circuit court ruled. There were still about three weeks to go. Correct but an individual has 30 days. Doesn't mean you have to go until the last minute. You can file a week after the decision. You still would have had two weeks. Right. This is urgent you know we're complaining about 473 signature requirement could have said whatever you wanted to say. Correct that could have been done but to impose an actual duty to immediately there is nowhere in the law where there's a duty ordering somebody to immediately seek appeal. Because the law doesn't care if you want to moot your own case that's your business but if you want to take it's not that the state didn't offer you an appeal it offered and you didn't take it. Well that would be a conditional offer the state offered us. No it's not a conditional offer. Well the state said you have you have you have the right to appeal and it's conditional on doing it within 30 days. It didn't say And why is this case not moot? What relief could any court offer him now that the election and and the runoff election have passed? Well this case is not moot because as after the time of the filing of this case that the the plaintiff alleged that the 4% signature requirement which or the 473 signatures violate the United States Constitution and they violate and deny people their right to access to the ballot and a meaningful a meaningful ability to cast a vote. So why isn't at least the 4% aspect of that entirely moot since it doesn't exist anymore in Illinois law and there's no prospect of it ever coming back? Well because it's not it's not in a sense moot for him under his 1983 claim because when a person is denied substantive due process. What relief is possible for him? He is entitled to nominal damages under the section 1983 based on the denial of due process. He has a substantive due process claim and that the government treated him I'm sorry. It's not substantive due process I mean that that is a theory that doesn't work when there is a more specific part of the Constitution that protects a certain right. He is not complaining about his status as a voter anyway. He's standing he's complaining about his status as a candidate and the 4% requirement is never again going to affect his status as a candidate. This time the 4% requirement translated into a 473 signature requirement. That's still in the law but we don't know what he's gonna do in 2019. We have no idea. Well as a voter and under pre-enforcement. He's not suing as a voter. He he has as he in his complaint he stated that he is not only a registered voter but also a candidate and there's a symbiotic relationship. What hurts his status as a voter? I don't see anything in this case about that. It hurts the status as a voter for this. What the city has done is said one or the state has done is said one plus one equals three. They've taken a 4% requirement which was determined by looking at the total votes cast for mayor within all 50 wards in the prior election and then dividing it by 50. So if for example let's just take the numbers a different way that there were only two boards and one board had 10,000 people and the other board had 1,000 people. The number would allow for one ward to influence the other words vote voting ability because the candidates it would be. Matt you are describing what might be a possible challenge to the way but that is far afield from what this case presents. Well there were other issues but the question I think is going back to why is this not claim why is this not precluded and the real reason is that beyond all the doctrines and beyond all the claim preclusion and issue preclusion the main issue is equity and fairness. Equity and fairness is achieved in the state courts is the usually have concurrent jurisdiction between the state and the federal courts. We did in this instance the state circuit court was looking at both the board's decisions and also the constitutional claims. The claims under the Voting Rights Act were addressed by the state court. The claims under the First Amendment were addressed by the state court. The equal protection claim was addressed by the state court. The due process claim was addressed by the state court and if the state court was wrong as Judge Rovner was implying earlier the remedy is to appeal to the Illinois Appellate Court and if they're wrong you ask for the Illinois Supreme Court to look at it and if they're wrong you file a petition for certiorari under 1257 with the US Supreme Court. That's your remedy. Your Honor at this time I've gone in my rebuttal time but I would like to you can respond to that and then say whatever's left. The issue is is that opposing a duty it's it's within the purview of the General Assembly to provide and in the civil code of civil procedure to provide the times for appeals. You see the appellate courts are limited jurisdiction only that jurisdiction given to them by Congress. They don't have that original jurisdiction and so the courts cannot come up with the doctrine and violate the separation of powers and say you have to appeal sooner. Congress has said and the General Assembly has said the executive that each individual has a 30 days nothing changes whether he does it in two days or three days or four days it is a 30 day gap and if the case becomes moot prior to the opportunity that's given by the state for you to appeal that procedural right then the individual cannot in good faith under the ethics rules or otherwise file a petition because it is not well warranted in law and well warranted in fact and that's the equitable part here besides that the main part is that when we started at the bottom there was no opportunity to go beyond the issues presented in the actual checking of the signatures. That court did not have jurisdiction to entertain constitutional claims. Yes it did. That is just a mistake that you need to give up that once you got to the circuit court the circuit court both had an exercise the jurisdiction to consider the constitutional arguments you presented. In the brief as we explained the circuit court is limited by statute. Their jurisdiction in this specific review they don't have the ability to address anything that was not presented in the record. At the bottom level there was no ability to conduct discovery. There was no ability to entertain the due process. You never asked for it. I mean if you want to save some rebuttal time. Yes judge you should. Ms. Hanson. Good morning and may it please the court. Christina Hanson assistant attorney general on behalf of the state of Illinois. Ms. Hanson is Rosa's action moot. With respect to injunctive relief with respect to the injunctive relief that he sought the action is moot and in fact he argues that the state court that a state court appeal was moot and so and offers no explanation for why this lawsuit wouldn't be moot. He does have a claim for damages in the in his complaint and so for purposes of damages there may still be a claim. But but all of but all of plaintiff's claims are barred. As an initial matter as to all his as to all but the voting rights claims which he has no standing to bring the state was not a proper party because it did not participate in February 2015 election and also is not a person for purposes of section 1983. But all of the claims are barred by claim preclusion. Now I understand that although there is this slight difference in the position of the state and the Board of Election Commissioners for the city that the board has adopted the brief. That's correct. That's correct. And you know Rose claims that the board is an administrative arm of the state and therefore a state actor. Would you respond to that Board of Election Commissioners for the city of Chicago is created by state statute but it is not it is not an agency of the state. So it wasn't it wasn't not a statewide election and so the state Board of Elections was not involved. The Board of Election Commissioners for the city of Chicago administered the municipal election and so that would be the true party in interest. But in any case your honor all of plaintiff's claims are barred by a claim preclusion because they were already litigated in the state court action. There are two requirements that have to be met for claim preclusion to arise and the first is that the state has to if the prior proceeding. Well it has to be the same claim. I'm sorry when the previous state court judgment would be given preclusive effect under the law of the state then claim preclusion applies and also as long as the plaintiff had a full and fair opportunity to litigate his claim and both of those conditions are met here. Right so we look under 1738 to Illinois's requirements for claim preclusion to see whether the quality of this judgment qualifies. That's right and under Illinois law this the state court action is entitled to preclusive effect. There are three elements to claim preclusion under Illinois law. The first is the identity of the parties which existed here. He sued the same entities in both the state court proceeding and in this lawsuit. The second is whether there's identity of claims which there also which also exists in this case. Illinois adopted the transactional test with respect to determining whether there's identity of claims and so not only claims that were actually raised in the state court proceeding are barred but also any claim that arises from the same group of operative facts. Any claim that could have been raised in state court but wasn't is effectively barred under Illinois law. Did the state of Illinois claim sovereign immunity in the district court because the district court doesn't mention it and I mean obviously you can raise that issue at any time during the litigation but I'm just curious as to whether or not it was you know raised. It was. The court didn't reach the issue but sovereign immunity would apply to a claim under 1983 against the state. It's really will isn't it to the person under 1983 and that sovereign immunity underlies that thought but it come it doesn't raise the question whether under its section 5 power for example Congress might have chosen to allow a suit against the state. The fact is it did not. That's correct your honor and so and so that claim the 1983 claims cannot proceed against the state in any case but as I was saying all that claims all of the claims that he raises that all of the underlying constitutional claims that are subject of the 1983 claim were already considered by the by the state court and so they are barred and the district court and its decision below went through each claim and showed that the circuit court addressed each and every claim that plaintiff raises. And your opponent does argue that the circuit court I guess he must be saying they shouldn't have done that or something because the circuit court judge certainly does as matter of fact look at the constitutional claims whether that was within the court's power I suppose is another question. It was entirely within the court's power because as your honor noted the state has concurrent jurisdiction to hear constitutional claims and there was nothing and plaintiff in fact did join. Remind me I thought this started out maybe as two suits in the state circuit court one a judicial review action over what the board did and the other the independent action they got consolidated is that right? There were there were two actions in the state court because there were two separate hearing determinations by the Board of Election Commissioners and plaintiff brought two separate petitions and they were consolidated and then in the petitions he raised his constitutional argument and filed an additional memorandum in support of his petition that raised some of the arguments for example his Voting Rights Act claims which had not been raised in the actual petition and the court in the even though those claims may not have been properly raised the court still reached the merit of those claims and again your honor that's not your honors that's not necessary for claim preclusion under Illinois law as long as he could have brought the claims as long as they arise from the same set of operative facts as the claims that were brought in state court they're barred in a subsequent proceeding and the final element under Illinois law is whether there was final adjudication on the merits and there also was in that element exists in this case as well the state court reached a final adjudication on the merits and although plaintiff contends that his he didn't have an opportunity to appeal that decision in fact he did the extent of the appeal was moot he allowed the appeal to become moot by not by not bringing an appeal before the February 24 election the the Circuit Court's decision issued on February 3rd and that left ample opportunity particularly since there is vehicle by which the appeal could have been expedited. Illinois Supreme Court Rule 311B permits appeals to be expedited in cases where where the timeliness is an issue. That often is typical in election cases anyways and because there's always that impending whatever. There is certainly and certainly under Tiago proceedings appeals are expedited so there there certainly was an opportunity to have an appeal heard within the time within the time before the election occurred but plaintiff chose not to pursue that avenue and also to the extent that he's arguing that as I mentioned before to the extent it's arguing that that that the state court appeal would have been moot then this proceeding then there's no basis for finding that this proceeding isn't moot because it's the same claims that were raised and it's the same relief that he's seeking. But your your position if I understand it correctly because obviously the question of mootness raises itself is that this little thread of the potential of nominal damages is enough to save it from formal mootness. I think that's correct your honor. For purposes of injunctive relief the elections have passed and the appeal is moot but because there is. So there's a ripeness issue I think with respect to the 2019 elections. We don't really know anything yet about what's happening. Exactly your honor and that's not those are not the allegations of his complaint. His complaint alleges that he was deprived access to the ballot in the February in the 2015 election and so to the extent that he's trying to transform his case into a pre-enforcement challenge of the statute that became effective in June 2015 that that argument is premature. It's not right for review. It's it's purely speculative whether three years from now that will affect his rights. So finally once determined which we have that the Illinois court would give preclusive effect to the state court action. Then the court also considers whether plaintiff had a full and fair opportunity to litigate his claims. And due process. The arguments that that plaintiff raises again are the intervening shift in the law which doesn't apply to the allegations of his complaint. And and the only other argument that he raises with respect to his right to appeal which which we've discussed to appeal the state court judgment. Okay. No I don't think so. Thank you very much. Anything further Mr. Usharovich. The administrator this began at the Board of Hearings. That board is not a constitutionally elected office or otherwise the Supreme Court has said they have no right to entertain constitutional questions. Nor are they allowed to conduct any discovery. Their jurisdiction as is the Circuit Court's jurisdiction is limited specifically. In fact courts have no and this is from the Supreme Court of Illinois. Courts have no inherent power to hear election cases in Illinois but may do so when authorized by statute and in the manner directed directed by the statute. So when you look at the statutes that give the powers to the court they don't allow them to entertain these other arguments. They're limited to the record there. And whether I ask for discovery or not the court is not allowed to give discovery and it's the action with the law that the court can't require us to perform a useless act. And so it would be useless to even request discovery. But the other question is did you get a full and fair hearing? And did you have an adequate opportunity to conduct a full and fair hearing? Now you submitted briefs did you not before the Circuit Court on these theories that were before it? I did submit briefs to preserve the air because just in case we needed to preserve that so as not to waive them. But the problem is they were not entertained on their merits. They were not it was not pursuant to a full and fair hearing. There was no opportunity to conduct discovery. The court is solely even if they did entertain it they were without jurisdiction to entertain it. And that's the big issue. So if they made a ruling that we're not allowed jurisdictionally to make it's void in ab initio because they've given law further than what they're allowed to do. The other issue is is that and what your honor said the the court again is limited in its jurisdiction here. They cannot go outside it. So anything that they've done outside it is void. And by ruling on the constitutional matters as stated in my reply brief they've gone outside what they're allowed to do. But this defendant or this plaintiff had no full and fair opportunity to litigate his claims. One his hands were tied at the beginning because he's not allowed to present equal protection or he's not allowed to present any due process arguments to the court or to the reviewing board. So there he's denied that fundamental right of having an entire defense. They piecemeal his defenses or his ability to assert his constitutional rights. On the next level the court doesn't get a factually developed record. There's no looking at his procedural due process rights whether they were violated, whether the signatures were actually looked at, whether all the voters were registered as he complained. And going back to what your honor said, he has this right under substitute due process to be free from arbitrary legislation and to be free from conduct of the government executive actions that shock the conscience. And procedural due process allows him to have that hearing and to have that full and fair hearing or that meaningful opportunity at a meaningful time. I can't resist saying that if it doesn't shock the conscience to engage in a high-speed chase that results in someone's death, it's hard for me. Then I don't see how this shocks the conscience. Right, well we're not arguing the shocking of the conscience, Judge. We're saying that there's two forms. You just mentioned it. Right, because there's two forms. The United States Supreme Court said is there's two forms of substantive due process. When there's arbitrary legislation where the government enacts legislation that's otherwise they're not allowed to, where they acted unjustifiably in enacting it, and then there's the other one where there's official government action such as the cases of Roachin where they pump someone's stomach or they commit conduct that is so far from our fundamental sense of order, liberty, and justice that it shocks our conscience. And here what we have are proceedings that are just unfair. They were done in less than a few days and even if the defendant did file his appeal, no one here can say that the Supreme Court would have expedited it because expedition is discretionary. And furthermore, no one can say that it would have been heard before that the case was moot, which is why... Why didn't you give them a try to see what they would do? Because we believe that the proper course in this matter, given the nature of the affairs there, was into federal court and we made a judgment call saying that if the case is mooted we won't have to deal with the politics of the state of Illinois. And that was our position because, as you know, 1983 was designed to protect from the corruption of the states and to allow the federal government to come in when things are so bad. It is a vehicle that was done during the Civil Rights Movement to allow people to come out of state court into a more leveled fairground, a more leveled playing ground that's not the same as state politics. And again, we exercise that right. There is no duty at all to file an appeal within 30 days. You have the right and the opportunity and it's conditioned by the General Assembly and the court can't force you to move faster on something that the General Assembly said or the Congress said is the law. For example... Oh, okay. I think we have your point, so thank you very much. Thank you, Your Honor. Thanks to both sides. We'll take the case under advisement.